UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD ALLEN SHAFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00210-JMS-MG |
| ) | |
| D. KRAEMER, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Granting Defendants' Motion for Summary Judgment
on Exhaustion of Administrative Remedies**

Plaintiff Richard Allen Shaffer is a prisoner currently incarcerated in Tucson, Arizona. Mr. Shaffer filed this civil rights action based on circumstances that occurred while he was incarcerated at the United States Penitentiary in Terre Haute, Indiana (USP-Terre Haute). Dkt. 18 (Court's screening entry). Mr. Shaffer alleges that on June 11, 2018, an officer assaulted him and as Mr. Shaffer defended himself from that assault, other officers retaliated against him by breaking his arm, fingers, and hand after he was restrained. *Id.* at 2. The Court screened Mr. Shaffer's amended complaint and determined that the Eighth Amendment excessive force claim would proceed against Lt. Kraemer and Officer Carmichael. *Id.* at 18.

Defendants Lt. Kraemer and Officer Carmichael have moved for summary judgment, on the basis that Mr. Shaffer failed to exhaust his available administrative remedies before filing this lawsuit and that collateral estoppel bars his arguments to the contrary. Dkt. 40. For the following reasons, the defendants' motion for summary judgment, dkt. [40], is **granted**.

**I. Legal Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

1

56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The statutory exhaustion requirement is that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

It is the defendants' burden to establish that the administrative process was available to Mr. Shaffer. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which is 'accessible or may be obtained.'" *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II. Facts

The Bureau of Prisons (BOP) has an administrative remedy process codified at 28 C.F.R. § 542.10, *et seq.*, BOP Program Statement 1330.18. This policy was in place on June 11, 2018, the date of the incident in Mr. Shaffer's amended complaint. Dkt. 40-1, ¶ 11. The administrative remedy process consists of four steps.

Inmates are made aware of the entire administrative remedy process in the initial orientation handbook, and it is also taught in the initial orientation class when inmates arrive at the facility. *Id.*, ¶ 11. "Inmates are instructed where to find BOP Policy and FFC Terre Haute Institution Supplements and how to access the inmate Electronic Law Library." *Id.* If inmates have questions, they can ask someone in-person or submit a request to staff form. *Id.*

All formal administrative remedy requests submitted by inmates are logged and tracked in SENTRY, which is the BOP's system of electric data entry and retrieval. *Id.*, ¶ 12. Mr. Shaffer's SENTRY records were reviewed, and he submitted 15 administrative remedies during his time in the BOP. *Id.*, ¶ 16. Mr. Shaffer did not submit any administrative remedy requests during his time at USP-Terre Haute, while housed in general population or in segregation. *Id.*, ¶ 17. Mr. Shaffer did not submit remedies related to the issues in this case until April 2020, and he submitted three more in May 2020. *Id.*, ¶ 18. All of these were rejected as untimely. *Id.* In sum, Mr. Shaffer "did not submit any remedy relating to the alleged events of June 11, 2018, until April of 2020. All of the remedies he submitted on and after that period were untimely under the controlling statutes and program statement, and all of those remedies were rejected." *Id.*, ¶ 20; *see also* dkt. 40-4 (Shaffer's inmate data records).

## III. Discussion

The defendants argue that Mr. Shaffer did not exhaust his available administrative remedies

prior to filing this lawsuit. In response, Mr. Shaffer argues that while he was held at USP-Terre Haute he was not given the chance to timely file his grievances. Dkt. 43 at 1. But, the issue of whether the administrative remedy process was available to Mr. Shaffer such that he could have timely filed a grievance was fully litigated and decided against Mr. Shaffer following a *Pavey* hearing in *Shaffer v. Betts*, Case No. 2:19-cv-00296-JRS-DLP ("*Shaffer I*"). Dkt. 41 at 3-4. Thus, for the reasons explained below, Mr. Shaffer's argument is barred by collateral estoppel.

### A. *Shaffer I*

In Mr. Shaffer's earlier proceeding before this Court, *Shaffer I,* an Eighth Amendment excessive force claim based on the June 11, 2018, incident proceeded against Officer Betts. In that case Officer Betts sought resolution of the claims alleged against him based on Mr. Shaffer's failure to exhaust available administrative remedies prior to filing the lawsuit. On March 5, 2021, the Court dismissed *Shaffer I* after concluding that Mr. Shaffer failed to exhaust. *See Shaffer I* at dkt. 92 (Order Granting Defendant's Affirmative Defense of Failure to Exhaust Available Administrative Remedies).

The defendants correctly argue that in *Shaffer I*, Officer Betts raised an exhaustion defense and alleged that the administrative remedy process was available to Mr. Shaffer during the period in which he was required to pursue his remedies related to the June 11, 2018 incident. Dkt. 41 at 3. After determining that a factual issue existed, the Court held a *Pavey* hearing. Mr. Shaffer was represented by recruited counsel for the *Pavey* hearing. The Court takes judicial notice of its thorough findings in *Shaffer I*, as follows:

> Based on the evidence and testimony presented at the hearing, the Court finds that the defendant has met his burden to show that the grievance process was available to Mr. Shaffer. The defendant presented witness testimony that the general practice of unit teams included having one individual visit the SHU on a daily basis and the entire team visit on a weekly basis. Multiple witnesses credibly stated that forms could be obtained by members of the unit team, case managers, and counselors. Mr.

> Shaffer's personal counselor testified to his own experience of visiting the inmates assigned to his caseload on a weekly basis and stated that he carried numerous administrative forms that were often requested. Further Mr. Rogers stated Mr. Shaffer never made a request to him for any such materials. It is undisputed that Officer Robertson's role as a correctional officer did not involve the responsibilities of distributing or collecting administrative remedy forms. The Court finds it relevant that a significant number of other inmates at USP-TH, confined under circumstances similar to Mr. Shaffer, were able to utilize this process during the relevant time period.
>
> Though Mr. Shaffer testified that he asked for forms on a nearly weekly basis and not always from the same person, and these attempts including talking to Mr. Rogers, Officer Robertson, and the Warden, the Court finds the evidence presented by the defendant outweighs Mr. Shaffer's testimony. Mr. Shaffer admitted to having no animosity with his counselor and that he did not specifically ask the Warden for any administrative remedy form. The defendant presented witness testimony that described the methods in which inmates are educated about administrative remedy process and the multiple avenues inmates can access the administrative remedy process, even while housed in the SHU. Mr. Shaffer's account for a period of approximately 35 weeks every staff member capable of providing him with administrative remedy forms who visited the SHU in either daily or weekly rounds prevented him from attaining access to the necessary forms is implausible.

*See Shaffer I*, at docket 92 (internal citations omitted) (dismissing action without prejudice for failure to exhaust). Citing the doctrine of collateral estoppel, the defendants now argue that the Court's ruling in *Shaffer I* should bar Mr. Shaffer from contesting his failure to exhaust in this case. Dkt. 41 at 12-13.

### B. Collateral Estoppel

"Under the doctrine of collateral estoppel (also known as issue preclusion), once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *See Our Country Home Enters., Inc. v. Comm'r of Internal Revenue*, 855 F.3d 773, 782 (7th Cir. 2017) (internal citations omitted). Collateral estoppel constraints, as a matter of federal law, apply only when "(1) the issue sought to be precluded [is] the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue

must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must [have been] fully represented in the prior action." *Grede v. FCStone, LLC*, 867 F.3d 767, 776 (7th Cir. 2017) (quoting *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011) (citation omitted).

The elements to establish collateral estoppel have all been met in this case. The issues surrounding Mr. Shaffer's unsuccessful completion of the administrative remedy process, and whether the administrative remedy process was available to him have not changed in the present case. Rather, Mr. Shaffer simply filed this subsequent lawsuit to name two additional defendant officers whom he alleges also participated in the underlying incident with Officer Betts on June 11, 2018. The purpose of "collateral estoppel" or "issue preclusion" is to "prevent relitigation of issues resolved in an earlier suit." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Such purpose is served in this case. Mr. Shaffer does not allege or provide any evidence that he undertook any additional actions to exhaust his administrative remedies after the entry of final judgment in *Shaffer I* that would overcome a bar of collateral estoppel here. Therefore, the record, as it stands in *Shaffer I* fully litigated the exhaustion issue and the determination of that issue was essential to the final judgment. Thus, there is nothing new for the Court to consider.

**C. Defendants are Entitled to Summary Judgment**

Mr. Shaffer does not dispute that he did not exhaust his remedies while incarcerated at USP-Terre Haute. Rather, Mr. Shaffer's brief one paragraph response states that he was held at USP-Terre Haute, where the incident occurred, and he was not given the chance to timely exhaust his remedies because the process was unavailable to him. Dkt. 43. But this argument was already raised and resolved in *Shaffer I*. Moreover, Mr. Shaffer did not respond to the defendants' argument that he is collaterally estopped from re-raising these arguments in this action.

The Court finds that the question of whether the grievance process was available for Mr. Shaffer to exhaust his claims related to the June 11, 2018 incident was thoroughly litigated in *Shaffer I*. "The doctrine of claim preclusion rests on the pragmatic insight that one fair opportunity to litigate a claim is normally enough. The logjam that would develop if people could take a second, third, or nth bites at the apple without restriction would end up greatly delaying, or even denying, access to the courts for people with new claims." *See Daza v. State*, 2 F.4th 681, 683 (7th Cir. 2021). Mr. Shaffer has already had a full opportunity to litigate the exhaustion issue as it relates to his excessive force claims arising out of the June 11, 2018 incident, and the Court reiterates its overall conclusion from *Shaffer I*:

> In short, based on the evidence and testimony presented at the hearing, the Court finds that the grievance process was available to Mr. Shaffer, and he failed to use it. The defendant has met his burden to show that Mr. Shaffer failed to exhaust his administrative remedies.

*See Shaffer I*, at docket 92 (internal citations omitted). For these reasons, Mr. Shaffer did not exhaust his administrative remedies prior to filing the complaint in this case and the defendants are entitled to judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment for failure to exhaust administrative remedies, dkt. [40], is **granted**. Final judgment dismissing this action without prejudice shall now issue. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

**IT IS SO ORDERED.**

Date: 11/3/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD ALLEN SHAFFER
18373-047
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov